IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BRYMON HAMP, JR.**                                                                                     **PLAINTIFF**

**v.**                                          **No. 3:22CV41-DAS**

**NATHAN BURL CAIN, ET AL.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Brymon Hamp, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants denied him adequate medical care and retaliated against him for filing grievances about it. For the reasons set forth below, defendants Nathan Burl Cain and Timothy Morris will be dismissed with prejudice from this case for failure to state a claim against them upon which relief could be granted. The case will go forward as to the remaining defendants, Dr. James Glisson and LPN Angela Brown.

### Factual Allegations

Mr. Hamp alleges that he has been diagnosed with multiple sclerosis since 2017 and has been prescribed both medications to treat the condition, as well as aids such as a cane to assist with walking, as well as others to reduce his exposure to heat, etc. The plaintiff alleges that Nurse Practitioner Angela Brown improperly ordered a corrections officer to confiscate his wheelchair. When the plaintiff sought relief through the grievance process, Nurse Brown improperly ordered

another corrections officer to confiscate his cane. The plaintiff had a medical profile permitting him to use the mobility aids and believes that Nurse Brown confiscated the cane in retaliation for his having filed a grievance against her. In addition, on multiple occasions, he has either not received his injections – or not received them on time. Missing or delaying his doses has caused his condition to relapse. Further, heat can also cause worsening of his symptoms, and he has been placed in a facility without air conditioning.

He sent letters to Mississippi State Penitentiary Superintendent Timothy Morris and to Medical Director Dr. James Glisson requesting to have his mobility aids returned to him. Mr. Hamp visited his case manager, who sent emails to the Mississippi State Penitentiary medical providers concerning the plaintiff's need for mobility aids – and placement in a unit which could accommodate inmates with such disabilities. Mr. Hamp's family contacted the MDOC Commissioner's office to notify them of Nurse Brown's actions (taking his cane and wheelchair). The family also had a conference call with Dr. Glisson. Nonetheless, when Mr. Hamp visited the Mississippi State Penitentiary Hospital (Unit 42) for his next injection, Nurse Brown confiscated his cane (which he had borrowed from another inmate). The plaintiff believes Nurse Brown confiscated the cane in retaliation for his family's contact with the Commissioner's Office. Several weeks later he was transferred to the South Mississippi Correctional Institution in Leakesville, Mississippi. Again, he believes he was transferred in retaliation for seeking relief through the grievance process and direct contact with the Commissioner's Office.

*Supervisor Liability*

Defendants Commissioner Nathan Burl Cain and Superintendent Timothy Morris must be dismissed from this case because the plaintiff's allegations against them arise solely from their roles as supervisors. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government

official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that Commissioner Cain or Superintendent Morris had any personal involvement or were causally connected to the incident. The plaintiff merely sent a letter to Superintendent Morris (and did not receive a reply), and the plaintiff's family contacted Commissioner Cain's office (though not him, personally). These allegations do not rise to the level of personal involvement; as such, these defendants will be dismissed with prejudice from this case for failure to state a constitutional question.

## Conclusion

For the reasons set forth above, defendants Superintendent Timothy Morris and Commissioner Nathan Burl Cain will be dismissed with prejudice from this case for failure to state a claim against

them upon which relief could be granted. The case will proceed as to the claims of denial of adequate medical care and retaliation against Nurse Practitioner Angela Brown – and as to the claim of denial of adequate medical care against Medical Director Dr. James Glisson. A judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 12th day of April, 2022.

                                            /s/ David A. Sanders
                                            DAVID A. SANDERS
                                            UNITED STATES MAGISTRATE JUDGE